# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARRIUS LIKES, and all other similarly situated persons,** | ) )  ) |
| **Plaintiff,** | ) ) **Case No.: 2:10-CV-2989-VEH** |
| **v.** | ) ) |
| **DHL EXPRESS,** | ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiff Darrius Likes ("Mr. Likes") initiated this purported class action lawsuit arising under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 ("WARN" or the "Act") against Defendant DHL Express ("DHL") on November 5, 2010. (Doc. 1). Pending before the court is DHL's Motion to Dismiss for Failure to State a Claim (Doc. 7) (the "Motion") filed on March 8, 2011.

After obtaining several extensions of time, Mr. Likes filed his opposition (Doc. 10) to the Motion on May 6, 2011. On June 3, 2011 (and also after securing an extension), DHL followed with its reply. (Doc. 12). Accordingly, the Motion is now

under submission, and, for the reasons explained below, is **DENIED**.

## II.   Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

*Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. Analysis

In its Motion, DHL attaches a copy of a "Cartage Agreement" between it and a company called Wood Air Freight, Inc. ("WAF"). (Doc. 7-1). In his complaint, Mr. Likes describes himself as "a former full time driver for [DHL] and [WAF], a DHL contractor that is no longer in business."[1] (Doc. 1 ¶ 2).

---

[1] Under such circumstances, the court agrees with DHL that its consideration of the Cartage Agreement does not require a conversion of the Motion to one for summary judgment under Rule 56. (*See* Doc. 7 at 3 n.1); *cf.* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005), the Eleventh Circuit explained how an exception to the conversion rule can arise:

DHL summarizes its grounds in support of a Rule 12(b)(6) dismissal as follows:

> First, Plaintiff fails to allege a *prima facie* case under WARN because he does not allege DHL was his employer or that there was a "plant closing" or a "mass layoff" at a <u>single</u> site of employment where he or any other putative class member worked. Second, Plaintiff does not allege and cannot show that DHL was his or any other putative class member's employer. Third, even if Plaintiff's theory is that DHL was a joint employer and had an obligation to provide to him a WARN notice, such a theory is not cognizable under WARN. Simply put, WARN <u>only</u> provides for "single employer" liability in the context of a parent-subsidiary relationship; and no such relationship existed between DHL and WAF. DHL's contract with WAF and WAF's employment of

---

In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.* Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley. Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *see also In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (same).

*Day*, 400 F.3d at 1276. Here, Mr. Likes expressly references the contractual relationship that DHL and WAF previously shared in his complaint, does not dispute the contents of the Cartage Agreement, and relies upon the existence of this business relationship in an effort to show that DHL was a former employer of Mr. Likes for the purposes of WARN. Accordingly, no conversion is necessary.

Plaintiff were wholly unrelated. Finally, even if the joint employer analysis established by the U.S. Department of Labor applies to the WAF-DHL relationship, Plaintiff has failed to plead facts sufficient to demonstrate that WAF and DHL were a "single employer" for purposes of imposing liability under WARN.

(Doc. 7 at 2-3). The court addresses each argument in turn.

### A. WARN *Prima Facie* Elements

In *International Union, United Mine Workers v. Jim Walter Resources, Inc.*, 6 F.3d 722 (11th Cir. 1993), the Eleventh Circuit described the nature of a WARN claim as:

> WARN requires that an employer provide sixty days notice to workers before ordering a mass layoff. 29 U.S.C. § 2102(a). JWR argues that the layoff in question was not a mass layoff and, therefore WARN does not apply. WARN defines a mass layoff as a reduction in force that
>
>> (B) results in an employment loss at the single site of employment during any 30-day period for-
>>
>>> (i)(I) at least 33 percent of the employees (excluding any part-time employees); and
>>>
>>> (II) at least 50 employees (excluding any part-time employees); or
>>>
>>> (ii) at least 500 employees (excluding any part-time employees);
>>
>> . . .
>
> 29 U.S.C. § 2101(a)(3)(B). The Union contends that JWR violated section 2101(a)(3)(B)(ii) because JWR laid off at least 500 employees

from a single site of employment.  <u>The Union can satisfy the statutory requirement that at least 500 workers be laid off from a single site of employment only by aggregating the layoffs from three of the four mines</u>.

*Jim Walter Resources*, 6 F.3d at 724 (emphasis added).  Thus, the crux of the summary judgment appeal in *Jim Walter Resources* turned upon the definition of the term "single site of employment" and its application in the context of mining operations.  *See id.*, at 727 ("The Union fails to demonstrate that any combination of three of the four mine sites should be considered together as a "single site of employment" under WARN.").

After studying Mr. Likes's complaint, the court concludes that his pleading contains all the *prima facie* elements which DHL insists are lacking.  More specifically, Mr. Like has asserted that he "and all putative class members . . . were <u>employed</u> by [DHL] through their contractor network to deliver[] packages exclusively for DHL." (Doc. 1 ¶ 6 (emphasis added); *Id.* ¶ 2 (Mr. Likes's describing himself as "a former full time driver for [DHL]")).

Mr. Likes further alleges that "a <u>mass lay-off</u> [occurred] in December 2008 and January 2009 without sixty days notice" (Doc. 1 ¶ 1 (emphasis added)) and, while he does not expressly use the term "single site" in his pleading, he does similarly contend that DHL and its "contractor network were <u>unified as a single business</u> for

the delivery and pick up of packages" (Doc. 1 ¶ 25 (emphasis added)), which, from a Rule 8 pleadings perspective, this court finds to be adequate. Accordingly, the Motion is due to be denied as to the first ground relied upon by DHL.

### B. DHL's Status As Mr. Likes's Employer

Second, DHL maintains that Mr. Likes has not alleged that DHL was his employer and regardless, he is unable to show that DHL was his or any other putative class member's employer because they were all contractually employees of WAF. The first part of this argument is rejected for the reasons just explained above: Mr. Likes has made an adequate statement about DHL's status as his alleged employer and/or joint employer with WAF.

As for the second part of this ground, because the court is dealing with a Rule 12(b)(6) issue and even though the Cartage Agreement indicates that Mr. Likes is appropriately classified as an employee of WAF (*see* Doc. 7-1 § 2.4 (defining "Contractor Workers" as "employees of Contractor[, *i.e.* WAF,] who perform Services under this Agreement")), the court presumes (without deciding) at this pleadings-driven stage that Mr. Likes will be able to adduce evidence of DHL's role as a possible joint employer of Mr. Likes. As a result, the court finds against DHL with respect to its second basis offered in support of dismissal.

### C. Joint Employer Liability Under WARN

Third, DHL contends that, even assuming that Mr. Likes is correct that DHL was his joint employer and accordingly potentially had a statutory obligation to provide him with a WARN notice, such a theory, without more, is not cognizable under WARN. More specifically, DHL maintains that Mr. Likes has not alleged facts that would plausibly support such liability under WARN because it contends that such a situation minimally requires a parent-subsidiary or some other relationship of common ownership, which undisputedly is lacking here.

The Act defines "employer" to mean:

(1) the term "employer" means any business enterprise that employs–

> (A) 100 or more employees, excluding part-time employees; or
>
> (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime);

29 U.S.C. § 2101(a). WARN does not statutorily define "joint employer," "single employer," or other similar terminology. In defining the term "employer" under the regulations applicable to WARN, the Department of Labor ("DOL") has clarified that two separate entities may be considered a unified employer under WARN depending upon their level of independence or contrastingly, interdependence:

> Under existing legal rules, independent contractors and subsidiaries which are wholly or partially owned by a parent company are <u>treated as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent</u>. Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations.

20 C.F.R. § 639.3(a)(2) (emphasis added).

Likewise, as the United States Court of Appeals for the Third Circuit has articulated the circumstances under which related entities may be considered one single enterprise for the purposes of WARN:

> The WARN Act defines the term "employer" as "any business enterprise" that employs 100 or more full-time employees. 29 U.S.C. § 2101(a). The WARN Act does not define "business enterprise"; however, DOL regulations issued under the WARN Act provide that <u>two or more affiliated companies may be considered a single business enterprise for WARN Act purposes</u>. 20 C.F.R. § 639.3(a)(2). The regulations state that "independent contractors and subsidiaries <u>which are wholly or partially owned by a parent company</u> are treated as . . . a part of the parent or contracting company depending upon the degree of their independence from the parent." *Id.*
>
> In *Pearson v. Component Technology Corp.*, 247 F.3d 471 (3d Cir. 2001), <u>we adopted the five factors listed in those regulations to create a balancing test that would determine whether related companies are liable under the WARN Act on "single employer" grounds</u>. The five factors are as follows: (1) common ownership, (2) common directors and/or officers, (3) de facto exercise of control, (4) unity of personnel policies emanating from a common source, and (5) dependency of operations. *Id.* at 487-90; 20 C.F.R. § 639.3(a)(2). We further indicated that the five-factor test was a balancing test <u>in which a number of facts</u>

<u>and circumstances may be relevant</u>. *Pearson*, 247 F.3d at 490. However, the factors are not balanced equally: <u>the first and second factors, common ownership and common directors and/or officers, are not sufficient to establish that two entities are a "single employer."</u> *Id.* at 494 ("ownership-and even ownership coupled with common management-is not a sufficient basis for liability").

*In re APA Transport Corp. Consolidated Litigation*, 541 F.3d 233, 242-43 (3d Cir. 2008) (emphasis added).

Apparently, neither the Eleventh Circuit nor the United States Supreme Court has addressed the issue of joint or single employer liability for the failure to provide notice under WARN.[2] Following the Third Circuit's opinions in *APA* and *Pearson* as persuasive authority as well as the Eleventh Circuit's framework for defining "single site of employment" under WARN that was employed in *Jim Walter Resources, see id.*, 6 F.3d at 724 ("In the absence of a statutory definition of the term

---

[2] The undersigned's research reveals that *Jim Walter Resources, supra*, is the only opinion that the Eleventh Circuit has decided which even comes close to approaching the disputed definitional WARN issue here. Two other Eleventh Circuit appellate decisions reference WARN, but do not turn upon the meaning of any terms within the Act. *See, e.g., McMillian v. F.D.I.C.*, 81 F.3d 1041, 1045 (11th Cir. 1996) ("Accordingly, we hold that the district court did not have jurisdiction of McMillian's WARN Act claim because he failed to exhaust his administrative remedies as required by FIRREA."); *Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1036, 1037, 1039 (11th Cir. 2007) ("The main issue in this appeal is whether there is a genuine issue of material fact that Dwight Myricks voluntarily and knowingly waived his pending claim of employment discrimination against the Federal Reserve Bank of Atlanta when he signed a severance agreement and general release [which also included language releasing any rights under WARN] to receive enhanced retirement benefits.").

'single site of employment,' both parties refer to the Department of Labor's interpretative regulations, which provide examples of what should and should not be considered a single site of employment."), this court relies upon the DOL factors listed in 20 C.F.R. § 639.3(a)(2) in determining whether Mr. Likes has plausibly stated a claim for two affiliated companies as a unified employer under WARN.

Also, in conjunction with the Third Circuit's decision in *Pearson*, the court concludes that liability attaching to affiliated companies under WARN <u>may</u>, under some circumstances, extend beyond scenarios of shared ownership (*i.e.*, parent/subsidiary or sister/sister corporate relationships) to also include certain lender/borrower or other interdependent contractual relationships. *See Pearson*, 247 F.3d at 494-95 ("All things considered, including the absence of a satisfactory alternative, <u>we are satisfied that the DOL factors are an appropriate method of determining lender liability as well as parental liability</u>, and therefore hold that, regardless of whether GECC took on the status of 'parent' in addition to its status of 'lender' when it foreclosed on the stock, its involvement with CompTech will be tested by reference to those factors.") (emphasis added).

Against this backdrop, the court observes that nowhere in his complaint does Mr. Likes assert that DHL and WAF were affiliated companies in that they were linked through common ownership. Likewise, Mr. Likes does not maintain that DHL

and WAF had some type of lender/borrower relationship. Instead, Mr. Likes's allegations of affiliation stem from DHL and WAF's Cartage Agreement and his theory that DHL and WAF jointly employed him.

In his opposition, Mr. Likes suggests that the express language from the first sentence of 20 C.F.R. § 639.3(a)(2) ("Under existing legal rules, independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as a part of the parent <u>or contracting company</u> depending upon the degree of their independence from the parent.") (emphasis added) (entire text of regulation set forth above) supports his position that a contractual relationship like the one shared between DHL and WAF is sufficient to potentially create liability for DHL under WARN. However, Mr. Likes has not pointed to any case authority in which a business relationship other than one involving shared corporate ownership constitutes a relationship sufficient to establish single employer liability under WARN. (*See* Doc. 12 at 4 ("While case law has extended the regulation to also apply to sister corporations under common ownership, notwithstanding more than twenty years of case law since this regulation was first promulgated, DHL is unable to identify even one case where a contractual relationship was sufficient to confer single employer liability under WARN.") (emphasis omitted); *id.* ("Plaintiff can neither explain nor deflect the glaring absence

of support for his proposition, and as such, he simply fails to address it.")).

At the same time, as pointed out above, the Third Circuit has applied the DOL factors in the context of lender liability <u>even though the element of corporate parental or other shared ownership was unsatisfied</u>. *Pearson*, 247 F.3d at 494-95. Therefore, *Pearson* implicitly supports Mr. Likes's position that the mere absence of an allegation about shared corporate ownership does not automatically render a WARN unified employer claim fatally flawed, as DHL contends. Moreover, in reaching this decision, the *Pearson* court observed that "a number of facts and circumstances may be relevant" when applying the "balancing test" of 20 C.F.R. § 639.3(a)(2). *Pearson*, 247 F.3d at 490.

Furthermore, DHL, the movant with the Rule 12(b)(6) burden, conversely has not pointed to any decision in which a court has held that single employer liability under WARN requires a stronger level of affiliation, corporate commonality, or financial interdependency <u>from a pleadings perspective</u> than what Mr. Likes has alleged existed between DHL and WAF. Accordingly, given the open question status of this issue and the underdeveloped record in this case, this court concludes that Mr. Likes has plausibly stated a claim of WARN liability against DHL by virtue of the Cartage Agreement as well as his other allegations of corporate interdependency.

    **D.**    **Pleading of Single Employer Factors**

Finally, DHL argues that "[e]ven if this Court were to stretch the language of the DOL regulation and apply the regulations to the contractual relationship between DHL and WAF, Plaintiff has failed to plead facts sufficient to show that WAF and DHL were a 'single employer' for purposes of imposing liability under WARN." (Doc. 7 at 13). In presenting this argument, DHL focuses upon the factors expressly formulated by the DOL. (*See, e.g.*, Doc. 12 at 4-5). But in promulgating 20 C.F.R. § 639.3(a)(2), the DOL explicitly clarified that its list was not meant to be exhaustive. 20 C.F.R. § 639.3(a)(2) ("<u>Some</u> of the factors to be considered in making this determination . . . .") (emphasis added).

Additionally, this particular part of DHL's Motion includes evidentiary-based arguments rather than presents purely pleadings-related ones. (*See, e.g.*, Doc. 7 at 18 (citing summary judgment decision in *Richards v. Advanced Accessory Sys., LLC*, No. 09-11418, 2010 U.S. Dist. LEXIS 103613 (E.D. Mich. Sept. 30, 2010); Doc. 12 at 5 ("In the case of the three remaining factors, Plaintiff's allegations are, at best, flawed and <u>incapable of being supported</u>.") (emphasis added); Doc. 12 at 7 ("Where, as here, <u>a company is free to operate as it sees fit</u>, the existence of a financial relationship is not sufficient to support dependency of operations between that freely operated company and the entity with whom it contracts.") (quoting summary judgment appellate decision in *Pearson*, 247 F.3d at 491) (emphasis added)).

Therefore, due to the unsettled status of this particular WARN issue under Eleventh Circuit law and in the absence of any case authority from DHL that a Rule 12(b)(6) dismissal is appropriate under allegations comparable to those presented here, DHL has not carried its burden, and Mr. Likes has sufficiently stated a WARN claim.

IV. **Conclusion**

Accordingly, for the reasons explained above, the Motion is **DENIED**.

**DONE** and **ORDERED** this 25th day of July, 2011.

                                                                                   _____
                                                                                   **VIRGINIA EMERSON HOPKINS**
                                                                                   United States District Judge